RETURN DATE: FEBRUARY 23, 2021    :    SUPERIOR COURT

LUIGIO ZACCARIELLO    :    J.D. OF NEW HAVEN

VS.    :    AT NEW HAVEN

JUSTIN GAGNE AND ALLONS    :    JANUARY 29, 2021
ENTERPRISES, LLC

## **COMPLAINT**

**COUNT I as to Negligence:**

1.  At all times mentioned herein, the plaintiff, Luigio Zaccariello, was a resident of Durham, Connecticut and operating a 2017 Ford bearing Connecticut registration number K77974 in the course of his employment.

2.  At all times mentioned herein, the defendant operator, Justin Gagne, was a resident of Saint Pauls, North Carolina and operating a 2000 Peterbilt tractor trailer truck bearing North Carolina registration number MW8419.

3. At all times mentioned herein, the defendant owner, Allons Enterprises, LLC was a limited liability company located in Saint Pauls, North Carolina and the registered owner of a 2000 Peterbilt bearing North Carolina registration number MW8419.

4. At all times mentioned herein, the defendant operator Justin Gagne, was operating the 2000 Peterbilt owned by the defendant owner, Allons Enterprises, LLC, with permission and within his general authority to do so.

5. At all times mentioned herein, Interstate 95 was a public highway partially located in Milford, Connecticut.

6. On February 25, 2019, at approximately 11:39 p.m., the plaintiff was operating his vehicle South on Interstate 95 in the right lane approaching Exit 36. The defendant operator, Justin Gagne, was also operating his tractor trailer South on Interstate 95 approaching Exit

36 behind the plaintiff's vehicle and struck the plaintiff's vehicle from behind, resulting in serious and painful injuries to the plaintiff as hereinafter set forth.

7.   The collision was due to the negligence and carelessness of the defendant operator Justin Gagne in one or more of the following ways:

(a)   defendant operator was inattentive and failed to keep a proper and reasonable lookout;

(b)   defendant operator failed to keep his vehicle under proper and reasonable control;

(c)   defendant operator failed to turn either to the right or to the left so as to avoid collision even though by reasonable and proper exercise of his faculties, he should and would have been able to do so;

(d)   defendant operator failed to apply his brakes in time to avoid collision even though by a reasonable and proper exercise of his faculties, he should and would have been able to do so;

(e)   defendant operator failed to follow the plaintiff's vehicle at a reasonable distance in direct violation of Connecticut General Statute 14-240.

8.   As a result of the collision and the carelessness and negligence of the defendant operator Justin Gagne the plaintiff sustained serious and painful injuries some of which may be permanent in nature consisting of.

(a) Chipped teeth #26, #27 and #8;

(b) Non displaced left nasal bone fracture;

(c) Traumatic brain injury;

(d) Loss of consciousness;

(e) Complex tear of the posterior horn and body of medial meniscus of the left knee;

(f) Subchondrial insufficiency fracture within the posterolateral tibial plateau with adjacent bone marrow edema of the left knee;

2

(g) Mild lateral patellar tilt of the left knee;

(h) Moderate size suprapatellar joint effusion of the left knee;

(i) Concussion;

(j) Post concussion syndrome;

(k) Chronic headaches.

(l) Lacerations and abrasions to the head and face;

(m) Right lateral upper quadrant crescent shaped scotoma of the right eye;

(n) Vertigo;

(o) Short term recall and cognitive dysfunction;

(p) Difficulty sleeping;

(q) Dizziness;

(r) Nausea;

(s) Contusion of the ribs;

(t) Sprain/strain of the cervical spine;

(u) Sprain/strain of the thoracic spine;

(v) Sprain/strain of the lumbar spine;

(w) Bilateral shoulder pain; and

(x) Radiating pain to the upper and lower extremities

9.   As a direct and proximate result of plaintiff's injuries, plaintiff has incurred and will incur expenses for medical care.

10.   As a further result of plaintiff's injuries, plaintiff has endured substantial pain and suffering, loss of sleep, severe anxiety and continual discomfort.

THE LAW OFFICES OF
**MICHAEL W. CAHILL, LLC**
43 TRUMBULL STREET   NEW HAVEN, CONNECTICUT 06511   TELEPHONE: (203) 777-9900   FACSIMILE:  (203) 777-8848

11.  As a further result of plaintiff's injuries, plaintiff's physical activities and leisure time pursuits have been impaired, interrupted and/or permanently diminished.

12. As a further result of plaintiff's injuries, plaintiff has suffered an impairment to his earning capacity resulting in past and future lost wages.

13. As a further result of plaintiff's injuries, plaintiff has applied for, received and continues to receive benefits from his employer pursuant to the Connecticut Workers' Compensation Act.

**COUNT II as to Recklessness- Common Law**

1-5.  Paragraphs 1-5 of Count I are hereby incorporated by reference and made paragraphs 1-5 of Count II.

6. On February 25, 2019, at approximately 11:39 p.m., the plaintiff was operating his vehicle South on Interstate 95 in the right lane approaching Exit 36. The defendant operator, Justin Gagne, was also operating his tractor trailer South on Interstate 95 approaching Exit 36 behind the plaintiff's vehicle at a high rate of speed in a reckless and uncontrolled manner and violently struck the plaintiff's vehicle from behind, resulting in serious and painful injuries to the plaintiff as hereinafter set forth.

7. The collision was due to the reckless conduct of the defendant operator, Justin Gagne, in one or more of the following ways:

(a)    defendant was operating his motor vehicle at an excessive speed in direct violation of Connecticut General Statute 14-218a;

(b)    defendant operated his motor vehicle in a reckless manner having no regard for the width, traffic use, persons, and motorists in the area in violation of Connecticut General Statute 14-222;

(c)    defendant may have fallen asleep thereby losing control of his tractor trailer;

THE LAW OFFICES OF
**MICHAEL W. CAHILL, LLC**
43 TRUMBULL STREET   NEW HAVEN, CONNECTICUT 06511   TELEPHONE: (203) 777-9900   FACSIMILE:   (203) 777-8848

(d)    defendant may have been using a hand held phone in violation of Connecticut General Statute 14-296aa;

(e)    defendant may have exceeded his regulated allotted time for operating a commercial tractor trailer pursuant to 49 C.F.R. § 395.3 thereby becoming a danger to motorists on the road including the plaintiff.

8.  As a result of the collisions and the recklessness of the defendant operator Justin Gagne, the plaintiff sustained serious and painful injuries some of which may be permanent in nature consisting of.

(a) Chipped teeth #26, #27 and #8;

(b) Non displaced left nasal bone fracture;

(c) Traumatic brain injury;

(d) Loss of consciousness;

(e) Complex tear of the posterior horn and body of medial meniscus of the left knee;

(f) Subchondrial insufficiency fracture within the posterolateral tibial plateau with adjacent bone marrow edema of the left knee;

(g) Mild lateral patellar tilt of the left knee;

(h) Moderate size suprapatellar joint effusion of the left knee;

(i) Concussion;

(j) Post concussion syndrome;

(k) Chronic headaches.

(l) Lacerations and abrasions to the head and face;

(m) Right lateral upper quadrant crescent shaped scotoma of the right eye;

(n) Vertigo;

5

(o) Short term recall and cognitive dysfunction;

(p) Difficulty sleeping;

(q) Dizziness;

(r) Nausea;

(s) Contusion of the ribs;

(t) Sprain/strain of the cervical spine;

(u) Sprain/strain of the thoracic spine;

(v) Sprain/strain of the lumbar spine;

(w) Bilateral shoulder pain; and

(x) Radiating pain to the upper and lower extremities

9. As a direct and proximate result of plaintiff's injuries, plaintiff has incurred and will incur expenses for medical care.

10. As a further result of plaintiff's injuries, plaintiff has endured substantial pain and suffering, loss of sleep, severe anxiety and continual discomfort.

11. As a further result of plaintiff's injuries, plaintiff's physical activities and leisure time pursuits have been impaired, interrupted and/or permanently diminished.

12. As a further result of plaintiff's injuries, plaintiff has suffered an impairment to his earning capacity resulting in past and future lost wages.

13. As a further result of plaintiff's injuries, plaintiff has applied for, received and continues to receive benefits from his employer pursuant to the Connecticut Workers' Compensation Act.

6

**<u>Count III as to Statutory Recklessness § 14-295</u>**

1-5. Paragraphs 1-5 of Count I are hereby incorporated by reference and made paragraphs 1-5 of Count III.

6. On February 25, 2019 at approximately 11:39 a.m., the plaintiff, Luigio Zaccariello, was operating his 2017 Ford South on Interstate 95 approaching Exit 36. The defendant, Justin Gagne, was also operating his 2000 Peterbilt tractor trailer truck South on Interstate 95 behind the plaintiff's vehicle proceeding at a high rate of speed in a reckless and uncontrolled manner while the defendant knew he had not confirmed whether there were vehicles in the immediate area and violently struck the plaintiff from behind resulting in serious and painful injuries to the plaintiff as hereinafter set forth.

7. The collision was due to the reckless conduct of the defendant operator, Justin Gagne, in one or more of the following ways:

(a)   The defendant operator was operating his motor vehicle at an excessive speed in direct violation of Connecticut General Statute 14-218a;

(b)   The defendant operator operated his motor vehicle in a reckless manner having no regard for the width, traffic use, persons, and motorists in the area in violation of Connecticut General Statute 14-222;

(c)   defendant operator may have fallen asleep thereby losing control of his tractor trailer;

(d)   defendant operator may have been using a hand held phone in violation of Connecticut General Statute 14-296aa;

7

(e)    defendant operator may have exceeded his regulated allotted time for operating a commercial tractor trailer pursuant to 49 C.F.R. § 395.3 thereby becoming a danger to motorists on the road including the plaintiff.

8. The defendant operator, Justin Gagne, knew or should have known that his conduct consisting of driving at a high rate of speed with traffic without looking for motorists traveling in the area would result in a high degree of risk or serious harm to others and despite his knowledge of the risk and harm that would result given the defendant continued to operate his vehicle in such a reckless manner.

9. The defendant operator, Justin Gagne's conduct was in violation of Conn. Gen. Stat. §§ 14-218a, 14-222, 14-26aa, and 49 C.F.R. § 395.3 and was committed in reckless disregard of the existing circumstances and with conscious indifference to the safety of other motorists and passengers.

10.    The defendant operator Justin Gagne's, above mentioned reckless conduct was in violation of Conn. Gen. Stat. §§ 14-218a, 14-222, 14-26aa, and 49 C.F.R. § 395.3 and was a substantial factor in causing the plaintiff's injuries as hereafter set-forth.

11.    As a result of the collision and the recklessness of the defendant operator, the plaintiff sustained serious and painful injuries some of which may be permanent in nature consisting of.

(a) Chipped teeth #26, #27 and #8;

(b) Non displaced left nasal bone fracture;

(c) Traumatic brain injury;

8

(d) Loss of consciousness;

(e) Complex tear of the posterior horn and body of medial meniscus of the left knee;

(f) Subchondrial insufficiency fracture within the posterolateral tibial plateau with adjacent bone marrow edema of the left knee;

(g) Mild lateral patellar tilt of the left knee;

(h) Moderate size suprapatellar joint effusion of the left knee;

(i) Concussion;

(j) Post concussion syndrome;

(k) Chronic headaches.

(l) Lacerations and abrasions to the head and face;

(m) Right lateral upper quadrant crescent shaped scotoma of the right eye;

(n) Vertigo;

(o) Short term recall and cognitive dysfunction;

(p) Difficulty sleeping;

(q) Dizziness;

(r) Nausea;

(s) Contusion of the ribs;

(t) Sprain/strain of the cervical spine;

(u) Sprain/strain of the thoracic spine;

(v) Sprain/strain of the lumbar spine;

(w) Bilateral shoulder pain; and

(x) Radiating pain to the upper and lower extremities

THE LAW OFFICES OF
**MICHAEL W. CAHILL, LLC**
43 TRUMBULL STREET    NEW HAVEN, CONNECTICUT 06511    TELEPHONE: (203) 777-9900    FACSIMILE:   (203) 777-8848

12. As a direct and proximate result of plaintiff's injuries, plaintiff has incurred and will incur expenses for medical care.

13. As a further result of plaintiff's injuries, plaintiff has endured substantial pain and suffering, loss of sleep, severe anxiety and continual discomfort.

14. As a further result of plaintiff's injuries, plaintiff's physical activities and leisure time pursuits have been impaired, interrupted and/or permanently diminished.

15. As a further result of plaintiff's injuries, plaintiff has suffered an impairment to his earning capacity resulting in past and future lost wages.

16. As a further result of plaintiff's injuries, plaintiff has applied for, received and continues to receive benefits from his employer pursuant to the Connecticut Workers' Compensation Act.

17. Pursuant to Connecticut General Statute § 14-295, the defendant operator is liable for double or treble damages as a result of his reckless conduct.

THE LAW OFFICES OF
**MICHAEL W. CAHILL, LLC**
43 TRUMBULL STREET   NEW HAVEN, CONNECTICUT 06511   TELEPHONE: (203) 777-9900   FACSIMILE:  (203) 777-8848

As to COUNT I:

WHEREFORE, the plaintiff claims:

    1. Compensatory damages.

    2. Any such other relief in equity or law as the Court deems appropriate.

As to COUNT II:

WHEREFORE, the plaintiff claims:

    1. Punitive damages.

    2. Any such other relief in equity or law as the Court deems appropriate.

As to COUNT III:

    1. Double or Treble damages pursuant to § 14-295.

    2. Any such other relief in equity or law as the Court deems appropriate.

              FOR THE PLAINTIFF,
              LUIGIO ZACCARIELLO

              By _____
                 Michael W. Cahill
                 Law Offices of Michael W. Cahill
                 43 Trumbull Street
                 New Haven, Connecticut 06511
                 (203) 777-9900
                 Juris No. 408084

11

RETURN DATE: FEBRUARY 23, 2021   :   SUPERIOR COURT

LUIGIO ZACCARIELLO          :   J.D. OF NEW HAVEN

VS.                           :   AT NEW HAVEN

JUSTIN GAGNE AND ALLONS    :   JANUARY 29, 2021
ENTERPRISES, LLC

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest, or property in demand under this Complaint is greater than Fifteen Thousand Dollars ($15,000.00), exclusive of interests and costs.

FOR THE PLAINTIFF,
LUIGIO ZACCARIELLO

BY _____
Michael W. Cahill

12